**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHOENIXX, L.P. and PHOENIXX GP, INC.,<br><br>Phoenixx,<br><br>v.<br><br>MARTIN ALLOYS CORPORATION, et al.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:23-1230-RJC |

**<u>MEMORANDUM OPINION</u>**

Robert J. Colville, United States District Court Judge

Before the Court is a Motion for Entry of Default Judgment against Defendant Martin Blendulf (ECF No. 30) filed by Plaintiffs Phoenixx, L.P. and Phoenixx GP, Inc. (collectively, "Phoenixx"). Defendant Martin Blendulf has not filed a responsive pleading and has not otherwise appeared in this matter. For the reasons set forth below, Phoenixx has carried its burden with respect to the entry of default judgment, and the Court shall enter an appropriate Order of Court granting Phoenixx's Motion for Entry of Default Judgment against Martin Blendulf.

1

## I.      Background

Phoenixx brings claims for Breach of Fiduciary Duty (Count I), Dissolution of Joint Venture (Count II),[1] and Conversion (Count III) against the Defendants resulting from Defendants' alleged failure to act in accordance with a joint venture agreement ("Joint Venture Agreement"). This matter was removed to this District, with the consent of Martin Blendulf, *see* ECF No. 1-1, on July 6, 2023.  The operative Amended Complaint (ECF No. 18) was filed on September 12, 2023, and Martin Blendulf was served with the Amended Complaint on November 7, 2023, *see* ECF No. 26.  The Clerk of Court entered default against Martin Blendulf on January 3, 2024.  ECF No. 28.  Thereafter, Phoenixx moved for default judgment.  Martin Blendulf has submitted no evidence or briefing in opposition to Phoenixx's Motion for Default Judgment.

## II.     Legal Standard

Upon application of the party seeking default judgment, a district court may enter default judgment after the clerk of court has entered the opposing party's default.  Fed. R. Civ. P. 55(b)(2). "Upon entry of default against a defendant, the 'well-pleaded' facts alleged in the complaint (except those relating to damages) must be taken as true."  *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 439 (E.D. Pa. 2006) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990)). In considering a motion for default judgment, a district court first must be satisfied that it "has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought."  *Mercedes-Benz Fin. Servs. USA LLC v. Synergistiks, Inc.*, No. 3:18-cv-184, 2019 WL 481753, at *2 (W.D. Pa. Feb. 7, 2019) (quoting *Harris v. Dollar General Corp.*, Civil Action No. 16-416, 2016 WL 2733227, at *1 (W.D. Pa. May 11, 2016)).  The court must then determine whether the well-pled facts in the complaint state a cause of action

---

[1] Given the pendency of claims against other Defendants who have participated in litigation to date, the Court will not resolve the issue of whether the partnership should be dissolved by way of this Memorandum Opinion.

against the defendant.  *Mercedes-Benz*, 2019 WL 481753, at *2.   In determining whether default judgment should be granted, the court must also consider the factors set forth in the case of *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000).

## III.   Discussion

### A.  Subject Matter Jurisdiction

The Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332, as complete diversity exists between Phoenixx and the Defendants and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

### B.  Personal Jurisdiction

Under the Federal Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in which the district court is located.  Fed. R. Civ. P. 4(e); *North Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990).  In exercising personal jurisdiction, the court must first ascertain whether jurisdiction exists under the forum state's long-arm jurisdiction statute and then determine whether the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment to the Constitution.  *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 489-90 (3d Cir.1985).  This inquiry has been collapsed in Pennsylvania, as the Pennsylvania long-arm statute provides that: "the jurisdiction of the tribunals of this Commonwealth shall extend to all persons . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa.C.S.A. § 5322(b); *Van Buskirk*, 760 F.2d at 490.  The reach of the Pennsylvania long-arm statute is thus "coextensive" with the due process clause.  *North Penn Gas*, 897 F.2d at 690.  The due process clause permits the court to assert personal jurisdictional over a

nonresident defendant who has "certain minimum contacts with [the forum] such that the maintenance of [a] suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted).

Specific jurisdiction is appropriate only if the plaintiff's cause of action arises out of a defendant's forum-related activities, "such that the defendant 'should reasonably expect being haled into court'" in that forum. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prod. Inc.,* 75 F.3d 147, 151 (3d Cir. 1996) (quoting *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The Third Circuit has explained the three-part analysis for specific jurisdiction. "First, the defendant must have 'purposefully directed [its] activities' at the forum. Second, the litigation must 'arise out of or relate to' at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel,* 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted). To find that a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state, the Third Circuit requires "a closer and more direct causal connection than that provided by the but-for test." *Id.* However, the required causal connection is looser than the tort concept of proximate causation. *Id.* (citing *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 99-100 (3d. Cir.2004). The appropriate analysis is fact-intensive, focusing on the "reciprocity principle upon which specific jurisdiction rests" -- whether the defendant received the benefits and protections of a state's laws to the extent that it should, as a quid pro quo, submit to the burden of litigation in the state. *Id.* at 323.

In the present case, Phoenixx alleges that Phoenixx and Defendants, in Allegheny County, Pennsylvania, entered into a joint venture organized under the partnership laws of the Commonwealth of Pennsylvania, with its principal place of business at 111 Delafield Road,

Pittsburgh, PA 15215, to acquire, process, and sell certain metal materials ("Joint Venture").  Am.

Compl. ¶ 6, ECF No. 18.  Phoenixx avers:

> The Joint Venture at issue was formed, negotiated[,] and consummated in Allegheny County, Pennsylvania, and the execution of various rights and duties under the Joint Venture at issue occurred in Allegheny County, Pennsylvania and the cause of action, occurrence[,] and transaction out of which these causes of action arose, occurred in Allegheny County, Pennsylvania.

*Id.* at ¶ 8.  Accordingly, the Court finds that Martin Blendulf has purposefully directed activities

at this Commonwealth because he entered into the Joint Venture in this District.  Further, this case

arises out of Martin Blendulf's purposefully direct activities because Phoenixx's claims arise out

of Defendants' alleged failure to act in accordance with the Joint Venture Agreement.

Finally, the Court's exercise of personal jurisdiction over Martin Blendulf comports with

fair play and substantial justice.  "The existence of minimum contacts makes jurisdiction

presumptively constitutional, and the defendant 'must present a compelling case that the presence

of some other considerations would render jurisdiction unreasonable.'"  *O'Connor v. Sandy Lane

Hotel Co.*, 496 F.3d 312, 324 (3d Cir. 2007) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 477 (1985)).  The Court has found that minimum contacts have been established in this matter,

and Martin Blendulf consented to removal to this District, thus waiving any argument that the

Court lacks personal jurisdiction over him.  Accordingly, this Court's exercise of jurisdiction over

Martin Blendulf comports with fair play or substantial justice.

For the reasons discussed above, this Court has specific personal jurisdiction over Martin

Blendulf.

### C.  Phoenixx's Complaint

The Court must also determine whether the well-pled facts in Phoenixx's Complaint state

a cause of action against Martin Blendulf.  *Mercedes-Benz*, 2019 WL 481753, at *2.  In the

Complaint, Phoenixx alleges that each of the Defendants acted individually and/or in concert with one another with respect to actions taken on behalf of the Joint Venture. Am. Compl. ¶¶ 10-12, ECF No. 18. Beginning in or around 2011, Phoenixx, on behalf of the Joint Venture, made investments in, and provided all funds for, the purchase of certain metal materials. *Id.* at ¶¶ 9; 15. After Phoenixx purchased these metal materials, the materials were held by Defendants as bailees for the Joint Venture, and the parties intended to process and resell the materials to generate income. *Id.* at ¶ 13. Phoenixx paid significant storage and insurance expenses in furtherance of the Joint Venture's plans for the metal materials. *Id.* at ¶ 17. Beginning in or around 2011, the Joint Venture began processing and selling certain metal materials to third parties. *Id.* at ¶ 14. As a result of the metal material sales, the Joint Venture incurred gains on certain sales and losses on certain sales. *Id.* at ¶ 19.

Phoenixx and Defendants orally agreed that any income or appreciation in value generated from sale of the metal materials would offset Phoenixx's original investment of the purchase price and expenses for the metal materials. Am. Compl. ¶ 16, ECF No. 18. Phoenixx and Defendants further orally agreed to equally split any income or loss, 50% for Phoenixx and 50% for the Defendants, of the Joint Venture and from the sale of the metal materials. This oral agreement was corroborated by the course of conduct between Phoenixx and Defendants over a more than eleven-year period. *Id.* at ¶¶ 18; 20. Federal tax returns for tax years 2011 through 2021 filed by both Phoenixx and Defendants reflect that the Phoenixx and Defendants were each allocated 50% of the gains and 50% of the losses on all metal material sales. *Id.* at ¶ 22. Phoenixx avers that Defendants have materially breached the Joint Venture Agreement by failing to pay Phoenixx Defendants' 50% share of the losses incurred on certain metal material sales, rendering Phoenixx's continued participation in the Joint Venture not reasonably practical. *Id.* at ¶¶ 23-25.

"To establish breach of fiduciary duty under Pennsylvania law, 'a plaintiff must demonstrate that a fiduciary relationship exists between the parties and that the defendant breached its fiduciary duty by failing to act for the benefit of the partnership, and instead, acted in a manner to promote his individual interests.'"  *Rahemtulla v. Hassam*, 539 F. Supp. 2d 755, 778 (M.D. Pa. 2008) (*CH & H Pa. Props., Inc. v. Heffernan,* 2003 WL 22006799 (E.D.Pa. Aug. 20, 2003)). Phoenixx relies on the Uniform Partnership Act of 2016 in arguing that Defendants, including Martin Blendulf, owed a fiduciary duty to Phoenixx as business partners.  *See* 15 Pa.C.S.A. § 8447 (b)-(c) (partners owe both a fiduciary duty of loyalty to the partnership and a duty of care in the conduct or winding up of the partnership business).  Phoenixx asserts that Martin Blendulf breached this duty by failing to account to the Joint Venture for the losses incurred on the sale of metal materials, by excluding Phoenixx from Joint Venture Properties and from any participation in, or management of, the operations of the business, and by misappropriating the Joint Venture's assets.  Am. Compl. ¶¶ 30-31, ECF No. 18.  Phoenixx avers:

> Defendants have caused Plaintiff harm by impeding Plaintiff from exercising its rights as a partner of the Joint Venture, including but not limited to Plaintiff's rights under the Uniform Partnership Act of 2016 to participate in the management and conduct of the partnership's business and to be compensated by Defendants for Defendants' share of losses incurred in the sale of Metal Materials.

*Id.* at ¶ 32.  Phoenixx asserts that Defendants' share of the losses from the sale of metal materials totals $378,501.85.  *Id.* at ¶ 40.

Phoenixx has alleged facts, when credited as true, sufficient to establish the existence a partnership, i.e., the Joint Venture, between Phoenixx and Martin Blendulf.  *See* 15 Pa.C.S.A. § 8422 ("[T]he association of two or more persons to carry on as co-owners [of] a business for profit forms a partnership, whether or not the persons intend to form a partnership.").  Accordingly, under the Uniform Partnership Act of 2016, the Court finds that Martin Blendulf owed Phoenixx a

fiduciary duty. The allegations in the Complaint also establish that Martin Blendulf violated that duty by failing to pay the 50% share of the losses for which Defendants were responsible. Accordingly, Phoenixx has stated a claim for breach of fiduciary duty against Martin Blendulf.

To succeed on a claim for conversion under Pennsylvania law, a plaintiff must establish: "(1) the deprivation of another's right of property, or use or possession of a chattel, or other interference therewith; (2) without the owner's consent; and (3) without legal justification*." In re Lewis*, 478 B.R. 645, 668 (Bankr. E.D. Pa. 2012) (quoting *Universal Premium Acceptance Corp. v. York Bank & Trust Co.*, 69 F.3d 695, 704 (3d Cir. 1995)). Phoenixx avers that the Defendants, including Martin Blendulf, "intentionally, willfully, knowingly[,] and maliciously engaged in a pattern of conduct towards Plaintiff with the intent of exercising control and possession over certain Metal Materials of the Joint Venture and Plaintiff's interests and rights to the Metal Materials." Am. Compl. ¶ 43, ECF No. 18. Phoenixx avers that Defendants, as bailees in the exclusive possession, care, custody, and control of the metal materials, owed an absolute duty of care with respect to metal materials that went missing, and that Phoenixx has, at all material times, had an immediate and equal right to possession of the missing materials. *Id.* at ¶¶ 44-45. Phoenixx avers that Defendants removed the missing materials from Phoenixx's and the Joint Venture's possession, that they utilized the materials for their personal benefit, and that they have not compensated or repaid Phoenixx for the missing materials. *Id.* at ¶¶ 46-47. Phoenixx asserts that it has sustained damages in an amount in excess of $309,866.72 as a result of Defendants' conversion. *Id.* at ¶ 49.

Phoenixx has stated a claim against Martin Blendulf for conversion. Phoenixx alleges that Martin Blendulf, along with the other Defendants, removed metal materials, i.e., chattel, from the possession of Phoenixx and the Joint Venture, and that Martin Blendulf utilized the materials for

his own personal benefit . Phoenixx did not consent to this removal, and, on this record, the Court cannot find that there was any legal justification for the removal. Accordingly, Phoenixx's Complaint states a cause of action for conversion against Martin Blendulf.

### D. The *Chamberlain* Factors

In determining whether default judgment should be granted, the Court must also consider: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "When a defendant is in default and has not opposed the motion for default judgment, however, trial courts in this circuit give somewhat less deference to *Chamberlain*." *Broad. Music, Inc. v. George Moore Enterprises, Inc.*, 184 F. Supp. 3d 166, 170 (W.D. Pa. 2016) (quoting *Smith Transp., Inc. v. Truck & Bus Wash, Inc.*, No. 3:06–CV–160, 2007 WL 320826, at *1 (W.D.Pa. Jan. 30, 2007)).

As discussed above, Martin Blendulf is in default and does not oppose Phoenixx's Motion for Default Judgment. Phoenixx will suffer prejudice if default judgment is denied because Phoenixx has asserted meritorious claims against Martin Blenduff, and Martin Blendulf has not participated in this action. Further, Martin Blendulf does not appear to have a litigable defense because he has not appeared in this case and has not asserted any defense to the claims asserted against him. Finally, Martin Blendulf's failure to participate in this action creates a presumption of culpability. *See Spring Valley Produce, Inc. v. Stea Bros.*, No. CIV.A. 15-193, 2015 WL 2365573, at *3 (E.D. Pa. May 18, 2015) ("A defendant's failure to participate in a case creates a presumption of culpability."). Accordingly, each of the *Chamberlain* factors supports the entry of default judgment against Martin Blendulf in this matter.

For the reasons discussed above, Phoenixx's Motion for Default Judgment will be granted as to Counts I and III, and default judgment will be entered against Martin Blendulf.

### E.  Damages

As noted, a plaintiff's allegations respecting damages are not accepted as true for purposes of default judgment.  *D'Onofrio*, 430 F. Supp. 2d at 439.  The Court may determine the appropriate amount of damages by conducting a hearing or upon the submission of affidavits. *See* Fed. R. Civ. P. 55(b)(2); *Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc*., 2012 WL 6043624, *4 (M.D. Pa. 2012); *see also Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 271–72 (E.D.N.Y. 2019) ("No hearing is required as long as [the court] ensure[s] that there [i]s a basis for the damages specified in the default judgment, and this requirement may be satisfied upon a review of detailed affidavits and documentary evidence[.]" (citations and quotation marks omitted)).  Phoenixx has attached exhibits to its original Complaint that support Phoenixx's asserted damages of $378,501.85 and $309,866.72, for a total of $688,368.57.  *See* ECF No. 1-3.  Phoenixx has submitted an affidavit in support of those calculations.  *See* ECF No. 30.  Accordingly, the Court finds that a hearing is not necessary, and will enter default judgment against Martin Blendulf in the principal amount of $688,368.57, plus interest to be calculated upon payment of the principal balance due.

### IV.  Conclusion

For the reasons discussed above, Phoenixx has established that it is entitled to the entry of default judgment in its favor against Martin Blendulf.  Accordingly, the Court will grant Phoenixx's Motion for Default Judgment.  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Court Judge

Dated: June 11, 2024

cc: All counsel of record

    Martin Blendulf
    16 Sunset Drive
    Tinton Falls, NJ 07724

    Martin Blendulf
    3540 Harris Street
    Lemon Grove, CA 91945